Marcia Jeanne **BRYANT**, Appellant,

v.

Lawrence Harold **LLOYD**, Respondent.

**No. WD 39445.**

Missouri Court of Appeals,
Western District.

Feb. 9, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 29, 1988.

---

James A. Rahm, of Counsel: Rahm and Crawford, Carrollton, for appellant.

James J. Wheeler and Robert Wheeler, Keytesville, for respondent.

Before PRITCHARD, P.J., and GAITAN and COVINGTON, JJ.

PRITCHARD, Presiding Judge.

The marriage of the parties was dissolved by a decree entered August 7, 1981, and child support was ordered to be paid appellant for each of three daughters, Tammy Jeanne Lloyd, born September 23, 1964; Lori Lynn Lloyd, born August 8, 1967; and Holly Beth Lloyd, born December 17, 1973. Tammy has since married and is emancipated. By motion to modify, appellant sought to increase the child support for the two younger children, mainly because Lori was attending college at Warrensburg CMSU full time in her third semester. Holly, age 13, was living with appellant and attending high school.

Respondent is a State Highway trooper and a Major in the National Guard. At the time of dissolution his gross earnings were about $23,400 per year. The child support was then set at $155.00 per child per month, and by order of the court, that amount was increased to $240.00 per child per month for the two younger daughters. At the time of this hearing, respondent's income had increased to a total of $38,067.95 per year. He had remarried and he and his present wife have a child born March 28, 1983. His expenses then totalled $1,560.00 per month, which included the $310.00 child support he had been paying for the two children. This, of course, was increased by $170 per month, making his total expenses $1,730.00, at a time when his total take-home pay was $1,790.00.

Appellant asserted that Lori needed $838.00 per month for her college education expenses. Obviously respondent is in no position, considering his take-home pay and his obligations to his present wife and child, to pay that much. The trial court properly took into account his present ability to provide for Lori, and set the amount within his ability to pay, so no error appears on that account. There is in this state no obligation of a parent to support a child beyond its age of majority under the statute, Chapter 452, RSMo (1986), absent a valid agreement by the parties to do so as was present in *Sunderwirth v. Williams*, 553 S.W.2d 889, 893 (Mo.App.1977). All that is present here is respondent's commendable agreement to maintain health and medical insurance on the children until each became emancipated, completed their college education, or reached the age of 24 years.

It is noted that the younger daughter, Holly, will reach college age in a few years. The parties would be well advised at or near that time to evaluate her under the criteria of the *Sunderwirth* case, at page 893–894[2, 3]: "... the financial ability of the father; the ability and capacity of the child for college work; the nearness of the child to his [or her] majority; whether the child is self-supporting or not, and the father's willingness to provide for such education, ..." If these factors are answered in the affirmative and there are yet insufficient funds for college education, perhaps other sources may be found, such as scholarships, student loans and other family aid.

The judgment, awarding $240.00 per month child support for Lori, which appellant claims is insufficient, is affirmed.

All concur.